UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL STAFFIERO,<br><br>          Petitioner,<br><br>   v.<br><br>KEN CLARK, et al.,<br><br>          Respondents. | 1:09-CV-01188 LJO GSA HC<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS<br><br>[Doc. #16] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections at the Corcoran Substance Abuse Treatment Facility serving a term of 7 years to life in state prison for his 1978 convictions of first degree murder and assault with a deadly weapon. See Petition at 2. Petitioner challenges a parole hearing held on October 23, 2006, wherein Petitioner was denied parole. See Petition.

It appears Petitioner did not administratively appeal the decision. However, he filed petitions for writ of habeas corpus in the state courts as follows:

    1.    San Diego County Superior Court
              Filed: August 21, 2007[1];

---

[1] Although the petition was filed in the San Diego County Superior Court on August 29, 2007, the petition was dated August 21, 2007. In Houston v. Lack, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v.

|   |   |   |
|---|---|---|
| | | Denied: October 16, 2007; |
| | 2. | California Court of Appeals, Fourth Appellate District<br>Filed: January 15, 2008[2];<br>Denied: April 24, 2008; |
| | 3. | California Supreme Court<br>Filed: July 18, 2008[3];<br>Denied: January 21, 2009. |

See Answer, Exhibits 1-6.

On June 7, 2009, Petitioner filed the instant petition for writ of habeas corpus in this Court. Respondent filed a motion to dismiss the petition on September 28, 2009, for violating the statute of limitations. Petitioner filed an opposition on October 16, 2009. Respondent filed a reply to the opposition on October 28, 2009.

**DISCUSSION**

I.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition . . . that the petitioner is not entitled to relief." See also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court

---

Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988).  The Ninth Circuit has applied the rule to assess the timeliness of federal habeas filings under the AEDPA limitations period. Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir. 2001), *citing* Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). Therefore under the mailbox rule, the Court deems the petition filed on August 21, 2007, the date Petitioner presumably handed his petition to prison authorities for mailing.

[2]Pursuant to the mailbox rule the Court considers the petition filed on January 15, 2008, the date Petitioner signed the petition and presumably handed the petition to prison authorities for mailing.

[3]The petition bears a signature date of July 27, 2008; however, for some unknown reason it also bears a filing date of July 18, 2008. Therefore, the Court will consider the petition filed on the earlier date.

should use Rule 4 standards to review the motion. See <u>Hillery</u>, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Accordingly, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on June 7, 2009, and therefore, it is subject to the provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In a situation such as this where the petitioner is challenging a parole denial,

the Ninth Circuit has held that direct review is concluded and the statute of limitations commences when the final administrative appeal is denied. Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir.2003) (holding that the Board of Prison Term's denial of an inmate's administrative appeal was the "factual predicate" of the inmate's claim that triggered the commencement of the limitations period). In this case, Petitioner did not administratively appeal. Respondent argues the factual predicate of his claim was the actual denial by the Board and therefore should serve as the start of the limitations period. Petitioner contends that the limitations period did not commence until the time for filing an appeal ended, which pursuant to Cal. Penal Code §§ 3041(b) and 3041.2 was 150 days later. The Court finds Petitioner's argument to be persuasive. In Webb v. Walker, 2008 WL 4224619 *4 (E.D.Cal. 2008), the Court noted that "[t]aken in the proper context and the discussion of the *Redd* panel, the true holding in *Redd* is that the time starts to run when the administrative decision is final." In this case, that date was when the time for filing an administrative appeal expired, which in this case was 150 days after the date of the hearing, or March 22, 2007. Therefore, the limitations period commenced on March 23, 2007, the day after the parole decision became final. Under Section 2244(d)(1)(D), Petitioner had one year until March 22, 2008, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. Petitioner did not file his federal petition until June 7, 2009, which was 442 days after the limitations period had expired.

   A.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544

U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

Petitioner's first state habeas petition was filed on August 21, 2007. At that point, 151 days of the limitations period had expired. Respondent concedes the limitation period was tolled while the petition was pending until it was denied on October 16, 2007. Petitioner filed his next state habeas petition on January 15, 2008, which was 91 days later. Respondent argues that this 91-day time interval should not be tolled because Petitioner did not timely proceed from one state court to the next appellate level. Respondent's argument is persuasive. Pursuant to the Supreme Court's rulings in Saffold and Chavis, Petitioner is entitled to tolling for this interval if he did not unreasonably delay. Saffold, 536 U.S. at 225; Chavis, 546 U.S. at 197.  In the absence of "clear direction or explanation" from the state court indicating whether the state petition was timely, the federal court "must itself examine the delay . . . and determine what the state courts would have held in respect to timeliness." Chavis, 546 U.S. at 197. In Chavis, the Supreme Court found a period of six months filing delay to be unreasonable under California law. Id. at 201. The Supreme Court stated, "Six months is far longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court." Id., *quoting* Saffold, 536 U.S. at 219.  In addition, the Supreme Court provided the following guidance for determining timeliness:

> [T]he Circuit must keep in mind that, in Saffold, we held that timely filings in California (as elsewhere) fell within the federal tolling provision *on the assumption* that California law in this respect did not differ significantly from the laws of other States, i.e., that California's 'reasonable time' standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules.

Chavis, 546 U.S. at 199-200, *citing* Saffold, 536 U.S. at 222-223.

Here, Petitioner's delay of 91 days is unreasonable. The delay is greater than the short period of time of 30 to 60 days provided by most States for filing an appeal, and the six month delay found unreasonable in Chavis. A delay of 91 days, when only 30 or at most 60 days is normally allotted, is excessive.  Therefore, Petitioner is not entitled to tolling for the 91-day interval. With the additional 91 days, 242 days of the limitations period had lapsed when Petitioner filed his second state habeas petition (151 + 91 = 242).

In his opposition, Petitioner contends the interval was not actually 91 days but 46 days, because he had filed a motion for reconsideration with the superior court in November of 2007 which was rejected on November 28, 2007. His argument is not persuasive. As noted by Respondent, once a California court enters a judgment, that is the end of the matter and the court lacks jurisdiction to reconsider its judgment. APRI Ins. Co. v. Super. Ct., 76 Cal.App.4th 176, 180-82 (1999). Because the superior court lacked jurisdiction to reconsider the judgment, the motion was not properly filed and cannot qualify for statutory tolling. Pace, 544 U.S. 408 (State law governs whether a pleading filed in state court is "properly filed"); Larry v. Dretke, 361 F.3d 890, 894-95 (5th Cir.2004) (State court lacked jurisdiction to consider habeas petition; therefore, petition was not "properly filed" for federal limitation purposes); Bethea v. Girdich, 293 F.3d 577, 578 (2d Cir.2002) (Unauthorized motion to extend time for reargument was not "properly filed" for tolling purposes). Since the state court lacked jurisdiction to entertain the motion for reconsideration, it was not a properly filed application and did not operate to toll the statute of limitations.

Respondent allows for tolling of the second habeas petition from January 15, 2008, until April 24, 2008. Petitioner next filed a habeas petition in the California Supreme Court on July 18, 2008, which was a period of 84 days. Respondent again argues this interval is untimely and the Court agrees. For the same reasons stated above, a period of 84 days is unreasonable. Accordingly, 326 days of the limitations period had expired when the third petition was filed (242 + 84 = 326).

Respondent allows for tolling during the pendency of the third petition until it was denied on January 21, 2009. The statute of limitations then resumed with 39 days remaining (365 - 326 = 39), and expired on March 2, 2009. The instant petition was not filed until June 7, 2009, which was 97 days beyond the expiration of the limitations period. Therefore, the instant petition is untimely.

B. Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), cert denied, 522 U.S.

814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. <u>Pace</u>, 544 U.S. at 418; <u>Smith v. Duncan</u>, 297 F.3d 809 (9th Cir.2002); <u>Hinton v. Pac. Enters.</u>, 5 F.3d 391, 395 (9th Cir.1993).

In his opposition, Petitioner contends he should be given equitable tolling for a period of 14 to 20 days for time he was recovering from surgery. Assuming he is granted equitable tolling for this interval, the petition remains untimely. Crediting him with 20 days, the statute of limitations still expired 77 days before he filed his federal petition.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED with prejudice for violating the limitations period.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **November 5, 2009**        **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE